IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| FRANK L. GAYDOS, | § | |
| TDCJ-CID No. 515137, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-08-028 |
| | § | |
| BRAD LIVINGSTON, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Frank L. Gaydos, a TDCJ-CID inmate filed a civil rights complaint which this court dismissed as frivolous under 28 U.S.C. § 1915(e). He has since filed two motions to alter or amend the court's judgment. The motions will be denied.

Gaydos complained that he was denied due process in two administrative hearings which resulted in a loss of privileges and good time credits and also resulted in his placement in a more restrictive environment. The court found that the claims were baseless because the sanctions were not a significant departure from the usual conditions of incarceration and that Gaydos could only challenge the forfeiture of good time by filing a petition for a writ of habeas corpus. *See Sandin v. Conner*, 115 S.Ct. 2293, 2300 (1995); *Edwards v. Balisok*, 117 S.Ct. 1584, 1589 (1997).

In both of his Motions to Alter and Amend (Dkt. Nos. 14 and 15), Gaydos repeats his argument that he was denied due process in the administrative hearings which resulted in a loss of privileges and good time credits and also resulted in placement in a more restrictive environment. He further challenges the evidence used against him in the disciplinary hearings. As stated in this court's prior Memorandum Opinion and Order, the sanctions imposed against Gaydos regarding his classification and assignment do not implicate due process concerns. *See Malchi v. Thaler*, 211 F.3d

953, 959 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). Moreover, Gaydos must grasp the concept that he is a prisoner and that, unlike a defendant in a court of law, there is a very low threshold of evidence necessary to uphold the findings of a disciplinary officer. *See Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998). *See also Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (findings of a prison disciplinary hearing will not be disturbed unless they are arbitrary and capricious). Finally, Gaydos can pursue a civil rights claim which challenges the validity of the length of his incarceration only after he has successfully overturned the prison administrative disciplinary action in a habeas proceeding. *See Heck v. Humphrey*, 114 S.Ct. 2364, 2372 (1994). Gaydos has failed to present any legal argument which would persuade this court to alter or amend its previous findings and conclusions.

In his second motion (Dkt. No. 15), Gaydos raises new claims relating injuries that he allegedly suffered while being transferred to another prison unit. He contends that he was harmed when a guard cuffed him too tightly. He also alleges that he was denied medical attention and was forced to endure conditions which exacerbated his injury. The court cannot consider these claims, which were raised after the complaint was dismissed with prejudice. *See Martin v. Scott*, 156 F.3d 578, 580-81 (5th Cir. 1998).

The Motions to Alter and Amend (Dkt. Nos. 14 and 15) are **DENIED**.

**SIGNED** on this 8th day of May, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE